Brooks vs. McDonnell and another.

Warranty: Court and Jury: Proof of Damages. *(1) When meaning of warranty a question for the jury. (2) Evidence as to amount of damages.*

1. Hop roots were sold upon a representation that they "were all right and would grow," and they did grow, but proved to be nearly worthless, a large portion being male roots, and others wild. *Held,* that the question whether such representation was a warranty of the quality of the roots in any other respect than their vitality or power of growth, was properly submitted *to the jury* upon all the facts in evidence.
2. Where the damages claimed for breach of the warranty as to such roots were only for the failure of the crop of the year in which they were first planted, evidence of the character of the crop produced by the same roots *the next year*, as compared with that produced by other roots in that year, with the same soil and cultivation, was admissible to show the quality of the roots in question.

APPEAL from the Circuit Court for *Sauk* County.

This action was brought in justice's court, against *Mc-Donnell* and *Donahoe* for the breach of an alleged warranty on a sale of hop roots, made by them to the plaintiff, May 1, 1873. The complaint, which was in writing, alleged that the defendants represented the roots to be of good, sound quality, but that they turned out to be of a worthless and inferior quality, a large portion being male roots, and the others being inferior in quality, and wild, and not such as defendants agreed to furnish, etc. The answer was a general denial. The cause was taken by appeal to the circuit court. On the trial, plaintiff testified that he went to defendants' grocery: " I told them I wanted good roots; that I had been fooled the year before, the roots I bought did not grow. *Donahoe* showed me some, pointing to some in a tub, and said they were all right and would grow. I examined them, bought them, and set them out. * * * * The roots were set in the spring of 1873, and matured in 1874. They turned out poor, * | * * * a large portion of the hops were male, others were wild and fuzzy," etc. On his cross examination he said: " When I spoke to *Donahoe*, there was nothing said about the variety of the roots. The substance of it was, that I had been fooled the year before by roots that would not grow. I expected that if they would grow they would be good. Whether or not they would grow, was the only question I had in mind at the time. There was nothing said about their quality otherwise than as to growing. They said they were good sound roots and would grow. My object was to find out if they were good and would grow and raise hops. I didn't suppose there was a man in the world that had such roots as these turned out to be, for sale." The plaintiff further testified that he set out the hop roots in question in the eastern portion, and other hop roots in the western portion, of a yard nearly square, containing an acre and a quarter in all; that the soil and cultivation in the different portions of the yard

were the same; that the part set with the roots purchased of defendants yielded not quite one pound per hill, while the other part yielded three pounds per hill; that a large part of the hops from defendants' roots were males, and another large portion were wild and extremely small and poor. Several other witnesses testified to the same facts in respect to the character of the hops. Plaintiff also offered evidence as to the productiveness of the hills containing the roots purchased from defendant, as compared with the hills containing other roots, in the western portion of the same yard, in the season of 1875. This evidence being objected to, plaintiff's counsel stated that no claim was made for any loss by the crop of 1875, but that the evidence was offered solely for the purpose of confirming the proof of the loss by the first crop. The objection to the evidence was then overruled. Defendants moved for a nonsuit, upon the ground that plaintiff must recover, if at all, upon an express warranty; that the only warranty proven was that the roots would grow; and that of this no breach had been shown. The motion was denied.

The court charged the jury, in substance, that, in order to find a verdict for the plaintiff, they must be able to find from the testimony, not only that the defendants represented the hop roots to be sound, and such as would grow, but that the representations made were such as to amount to a representation that the roots would grow and produce hops of the ordinary quality and yield, at least; and that the plaintiff must have been influenced by such representation in making the purchase.

The jury found for the plaintiff; a motion for a new trial, on the ground that the verdict was contrary to law and evidence, and to the instructions of the court, was denied; and defendants appealed from a judgment on the verdict.

For the appellant, a brief was filed by *G. Stevens*, and there was oral argument by *Mr. Stevens* and *W. F. Vilas*. They contended, 1. That the court erred in admitting evidence as

to the crop of 1875. 2. That the only warranty that could be inferred from defendants' language, as stated by the plaintiff himself, was, that the roots were such as would grow, and that plaintiff, if assured of this, was willing to take his chances for the rest. *McHugh v. Timlin*, 20 Wis., 487; *Decker v. Furniss*, 14 N. Y., 611; *Van Hagen v. Van Rensselaer*, 18 Johns., 420; 5 Cow., 468; Chitty on Con., 106, note (*a*).

*J. W. Lusk*, for respondent.

COLE, J.   There are two questions in this case necessary to be considered: (1) as to the extent of the warranty; and (2) in regard to the admission of evidence relating to the crop of 1875.

The defendants claimed, on the motions for a nonsuit and for a new trial, that the language of *Donahoe*, as stated in the plaintiff's testimony, was a qualified warranty, that the roots were sound, healthy roots and would grow; and that it did not extend to cover any defect in the quality of the roots, or imply that they would produce a crop. The question as to the extent of the warranty is the main one to be considered. And the learned circuit court fairly submitted it to the jury, upon the evidence, to say whether the defendants only represented the hop roots to be sound and such as would grow, or whether the representations made were such as to amount to a warranty that the roots would produce hops of the ordinary quality and yield. It seems to us there was no error in leaving it to the jury to find, from all the facts and circumstances, what the parties intended by the words, the roots are "all right and will grow;" whether this language amounts to a warranty of the quality of the roots, their power or ability to produce hops, or whether the warranty only related to the vitality of the roots and that they would grow. The words are sufficiently broad in their meaning to include quality; and it was for the jury to say, under the circumstances, in what sense they were understood and used by the parties. It is

said that the growing quality was all the parties talked about or had in mind, and that whatever was said should be construed as referring to that one thing. But it seems to us the question whether or not the statement or representation made by *Donahoe* amounted to a warranty, and, if so, what was included in it, was a proper matter for the determination of the jury. In the analogous case of *Tuttle v. Brown*, 4 Gray, 457, whether the statement made by the vendor of a cow, that "she is all right," was a warranty of soundness, was held to be a question for the jury. In *Smith v. Justice*, 13 Wis., 601, where a vendee bought a horse for a particular use, which was known to the vendor, and the latter said "the horse is all right," this representation, as a matter of law, was deemed a warranty that the horse was reasonably fit for the use for which it was desired by the vendee. See also *Hawkins v. Pemberton*, 51 N. Y., 198; *Austin v. Nickerson*, 21 Wis., 543. We therefore think there was no error in submitting the question as to the meaning of the language used to the jury. The jury found, under the charge of the court, that they amounted to a warranty, not only that the roots would grow, but that they would produce hops of the ordinary quality.

The evidence as to the crop produced in 1875, as it was restricted, it seems to us was competent. It was offered solely and only for the purpose of confirming the truth of plaintiff's claim that the roots were of an inferior quality and were wild or male roots. No claim whatever was made for a failure of the crop of 1875, but only for the loss of the crop of 1874. It appeared that, with the same soil and cultivation, three-fourths of an acre of other roots produced a good crop in 1875, while half an acre set with the roots in question produced a much less quantity relatively, because, as the witnesses said, these latter roots were wild or male roots. The nature or quality of the roots would affect the crop one year as well as another. Their character did not change, and if they pro-

duced small, fuzzy and worthless hops in 1875, they would produce a like quality in 1874. This would be a natural inference. And as the evidence was offered only to prove the extent of the damages for a short crop of 1874 by comparison, we think it was admissible for that purpose.

No exception was taken to the charge of the court in respect to the measure of damages, and consequently that question is not before us. The point litigated was, whether the representations were sufficiently broad and general to amount to a warranty that the roots would grow and were proper roots for the purpose for which they were purchased. The jury have found that question against the defendants, and we therefore think the judgment must be affirmed.

*By the Court.* — The judgment of the circuit court is affirmed.